No. 17,782.

LAWRENCE KALISH *v.* W. BONNER BRICE, ET AL.

(315 P. [2d] 829)

Decided September 9, 1957.   Rehearing denied October 14, 1957.

179

Mr. Isaac Mellman, Mr. Gerald N. Mellman, for plaintiff in error.

Mr. James D. Doyle, Mr. Frederic L. Kirgis, for defendants in error.

*In Department.*

Mr. Justice Frantz delivered the opinion of the Court.

Kalish filed his amended complaint for specific performance of a receipt and option contract for the purchase of unimproved realty in Arapahoe County. To this amended complaint Brice and Stroup, defendants, addressed several joint defenses. The facts briefly stated disclose:

On April 22, 1950, Kalish signed a standard form of receipt and option (Bradford-Robinson Form 862) which contained the following provisions, among others:

"Time is of the essence hereof, and if any payment or any other condition hereof is not made, tendered or performed by purchaser as herein provided, then this contract shall be void and of no effect, and both parties hereto released from all obligations hereunder, and all payments made hereon shall be retained by the undersigned agent as liquidated damages; provided, however, that in event of such forfeiture any payments made hereunder shall be divided between said agent and seller, one-half thereof to the agent but not to exceed a sum equal to the regular commission and the balance to the seller.

"In the event the seller fails to approve this instrument in writing within......—2—......days from date hereof, or, if title is not merchantable and written notice of defects is given to the seller or agent within the time herein provided for delivery of deed and shall not be

rendered merchantable within 90 days after such written notice, then this contract shall be void and of no effect and each party hereto shall be released from all obligations hereof and the payments made hereunder shall be returned forthwith to purchaser upon return of the abstract to seller."

By the terms of this agreement Kalish was required to pay $1000.00 as a down payment, $4000.00 on or before May 20, 1950, and the balance on or before six months following transfer of title by warranty deed. He made the initial payment of $1000.00.

In a title opinion dated May 18, 1950, attorney for Kalish raised certain objections to the title. Among these objections was one relating to a vacation of streets and alleys on November 5, 1917, the attorney stating that he thought said attempted vacation "is probably insufficient." After efforts by the defendants at correcting the asserted defects, attorney for Kalish wrote two supplemental opinions, each raising the same question as to the vacation of streets and alleys. These letters are dated May 26 and June 30, 1950.

On July 5, 1950, Brice advised Kalish by letter that the title was merchantable and that Stroup was ready, able and willing to comply with the terms of the option and receipt agreement.

Attorney for Kalish wrote a letter to Brice on August 11, 1950, stating in part that:

". . . I am of the opinion that this deal was never consummated and that Mr. Kalish is entitled to his deposit back. Even if there was a valid contract executed by the parties, there has not been such performance on the part of Mr. Stroup as contemplated by the agreement. I am, therefore, on behalf of Mr. Kalish, making a demand upon you to return the deposit heretofore made by him on this property."

In response to this letter, attorney for Brice wrote on August 18, 1950, closing the letter as follows:

"As you undoubtedly know, the seller was and is

ready, willing and able to go through with the deal. The seller refuses to have any of the deposit returned."

On March 13, 1952, nearly two years after the execution of the receipt and option, Kalish filed an action for the return of the $1000.00 deposit.

In early January 1953 it was discovered that the realty in question had been subdivided, sidewalks put in, grading of streets in progress, and other improvements commenced. Upon discovering these developments, Kalish inquired of his attorney "what [his] prospects were of changing the course of action, cause of action."

Afterwards, on January 30, 1953, no answer having been filed to the original complaint, an amended complaint was filed, seeking specific performance. Defendants then appeared and moved to dismiss the amended complaint on the ground that it stated a new and distinct cause of action from the original complaint. This motion was granted, the action dismissed and the cause brought to this court on error. On review here (*Kalish v. Brice,* 130 Colo. 220, 274 P (2d) 600) the ruling of the trial court was reversed, basically upon the application of Rule 15 (a), R.C.P. Colo., to the then state of the record which disclosed that no answer had been filed in response to the original complaint. This rule permits a party to amend his pleading once as a matter of course at any time before a responsive pleading is filed. Divergent views are taken by the parties as to the interpretation of this decision. It is to be remembered, however, that on that review this court had only the pleadings to consider and the matter was decided solely on the question of the proper application of Rule 15 (a), R.C.P. Colo. The present review involves the evidence adduced in support of the amended complaint.

When Kalish completed his evidence, the defendants orally moved for a nonsuit. The trial court determined that the evidence failed to make a prima facie case for specific performance, but granted Kalish leave within ten days "to amend his complaint to pray for" the return

of his deposit of $1000.00 and interest, after which judgment in such sum and interest would be entered. Kalish seeks reversal here.

■ The amended complaint alleged an enforceable existing contract. The evidence disclosed a contract disaffirmed and repudiated. It is axiomatic in the law that a party may not assert one thing, prove its contrary, and be sustained as to the thing asserted.

■ By a course of conduct antedating the filing of the amended complaint, Kalish made a choice. At the time he believed and maintained the title to be defective he had to choose whether to affirm and proceed with the contract or to disaffirm it. His letter of disaffirmance and his subsequent suit for the return of the deposit were acts which fixed the course he chose and from which there was no turning back. Thereafter both parties treated the receipt and option as terminated: Kalish by his continuance of his suit to recover the deposit, the defendants by retention of the deposit on the theory that the title was merchantable and plaintiff had failed and refused to perform. The crux of the action was the merchantability of the title which the original suit would have determined.

More than ten months after Kalish instituted suit for the return of the deposit, and after he learned of the improvements on the realty, he amended his complaint seeking specific performance.

■ The question of election of remedies is not involved here. The doctrine of election of remedies applies only when different remedies are provided for a given wrong and based *upon one and the same set of facts*. *Robinson v. Armstrong*, 90 Colo. 363, 9 P. (2d) 481. The set of facts, arising from the conduct of Kalish prior to the filing of the amended complaint, permitted resort to only one remedy — the return of the deposit.

■ Where the acts and conduct of the optionee are so decisive and unambiguous as to justify the court in deciding the question as a matter of law, it is the duty of

the court to do so. *Dundas v. Foster*, 281 Mich. 117, 274 N.W. 731.

No cross-error is assigned by the defendants concerning leave to amend plaintiff's complaint, after which judgment would be entered for the amount of the deposit and interest. The court exercised its discretion properly in this respect in order to have the pleadings conform to the evidence. And yet, such leave being granted, it would seem that defendants should be permitted to present evidence on the question of the right of plaintiff to recover the deposit. However, since error is not assigned by defendants on this ruling, we must affirm.

Having resolved the issues on the grounds above set forth, we deem it unnecessary to discuss other matters raised by counsel in the briefs. The judgment should be and is affirmed.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE SUTTON and MR. JUSTICE HALL concurring.