No. 24160.

ORVILLE C. PICKETT, MABEL A. PICKETT, AND GENTLEBREEZE MOBILEHOME COURT, INC. *v.* LEROY A. DUKE AND FRANCES K. DUKE.

(460 P.2d 232)

Decided October 27, 1969.    Rehearing denied November 17, 1969.

JOHN G. COGSWELL, for plaintiffs in error.

TINSLEY, FRANTZ and HEADY, MANSUR TINSLEY, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE DAY.

THIS writ of error is to a judgment entered in the trial court following our decision in *Duke v. Pickett,* 168 Colo. 215, 451 P.2d 288. In that decision we ordered rescission of an agreement for the exchange of properties between the parties and further ordered that the property, Gentlebreeze Mobilehome Court, which was the subject matter of that litigation, be returned to the Dukes.

After the remand the court entered a written judgment from which we quote only the pertinent parts:

"IT IS ORDERED, ADJUDGED and DECREED that the transaction between the parties on January 17, 1964, relating to the following-described real property is hereby rescinded and cancelled; and

IT IS FURTHER ORDERED, ADJUDGED and DECREED that title to the following-described real property situate in the County of Jefferson in the State of Colorado is hereby transferred and conveyed in fee simple to the plaintiffs in joint tenancy, and not in tenancy in common:

\* \* \*

IT IS FURTHER ORDERED that determination of any other equities between the parties resulting from such rescission is reserved until the further order of this Court."

Motion for new trial and motion to amend the judgment was denied.

Before the trial court had an opportunity to conduct the hearing as ordered, writ of error was issued out of this court and all further proceedings of the trial court were stayed.

■ We do not comment on the assignments of error asserted by the Picketts in this second writ of error. To give cognizance to them would be tantamount to relitigation of the original action between the parties. Suffice it to say, the only matter remaining for the trial court's consideration is to conduct the hearing as previously ordered. Such hearing is to be limited to a complete accounting and an equitable adjustment between the parties. To this end the parties may file pleadings in the trial court within time limits set by that court wherein the parties may assert their respective contentions, and whereby the issues to be determined by the court may be framed in an orderly fashion.

The judgment is affirmed with directions to proceed in the manner set forth above.

MR. JUSTICE HODGES, MR. JUSTICE KELLEY and MR. JUSTICE GROVES concur.