Marvyn GOULD, Executor of the Estate of J. Donald Rogasner, and J. David Pincus, on behalf of themselves and all others similarly situated, Plaintiffs,

Mary S. McCord and Charles T. McCord, Jr., Intervening Plaintiffs,

v.

AMERICAN HAWAIIAN STEAMSHIP COMPANY et al., Defendants.

Civ. A. Nos. 3707, 3722.

United States District Court, D. Delaware.

June 20, 1972.

William Prickett and Rodman Ward, Jr., of Prickett, Ward, Burt & Sanders, Wilmington, Del., Harold E. Kohn and Aaron M. Fine, of Harold E. Kohn, P.A., Philadelphia, Pa., for plaintiff Gould and all those similarly situated and for intervening plaintiffs.

Ralph F. Keil, of Keil & Keil, Wilmington, Delaware, for plaintiff Pincus.

S. Samuel Arsht and William O. LaMotte, III, of Morris, Nichols, Arsht & Tunnell, Wilmington, Del., Richard E. Nolan and Christopher Crowley, of Davis, Polk & Wardwell, New York City, for defendant R. J. Reynolds Tobacco Co.

David F. Anderson and Richard F. Corroon, of Potter, Anderson & Corroon, Wilmington, Del., John W. Castles, III, Roger C. Ravel, Mason G. Kassel, Joseph F. McDonald and Franklin B. Velie, of Lord, Day & Lord, New York City, for defendants American-Hawaiian Steamship Co., National Bulk Carriers, Inc., Daniel K. Ludwig and Hal A. Kroeger.

R. Franklin Balotti, of Richards, Layton & Finger, Wilmington, Del., F. Fos-

ter Wollen, of Shearman & Sterling, New York City, for defendants Malcolm P. McLean, James K. McLean, Clara L. McLean, Disque D. Deane, Edward A. Hirs, James T. Murff and Beverly R. Wilson, Jr.

Howard M. Handelman, of Bayard, Brill & Handelman, Wilmington, Del., James V. Ryan, of Webster, Sheffield, Fleischmann, Hitchcock & Brookfield, New York City, for the defendants Litton Industries, Inc., Monroe International Corporation Retirement Plan Trust, and Joseph T. Casey.

## MEMORANDUM OPINION

CALEB M. WRIGHT, Chief Judge.

The instant action arises out of the 1969 merger of McLean Industries Inc. (McLean) and R. J. Reynolds Tobacco Company (Reynolds). The factual background of this litigation has been previously described in the opinions of the Court at 319 F.Supp. 795 and 331 F. Supp. 981, and need not be reiterated herein. In its second opinion, this Court granted the plaintiffs' motion for summary judgment on the issue of liability under the Securities Act of 1934, § 14(a) against four of the individual defendants including Joseph T. Casey (Casey). The case is presently before the Court on the motions of Casey, and two defendants with which he is affiliated, Litton Industries, Inc. (Litton) and Monroe International Corporation Retirement Plan Trust (Monroe), to amend portions of their answers to the complaint and to modify the September 17, 1971 decision and October 27, 1971 order of this Court insofar as they granted partial summary judgment against Casey.

Pursuant to Rule 15(a) of the F.R.C. P., Casey, Litton and Monroe (the Casey defendants) requested leave to file an Amended Answer which would delete certain portions from paragraph 10 of their present Answer. Their original response, with the proposed deletion italicized, reads as follows:

"Admit that the merger was submitted for approval to the stockholders of McLean and Reynolds pursuant to proxy statements dated April 10, 1969 and was approved on May 13, 1969, *that the proxy statement was approved in draft form by the individual defendants as directors of McLean, that following said approvals* on May 13, 1969 the merger became effective, and that defendants Litton, Monroe, National Bulk Carriers, American-Hawaiian, and Hal A. Kroeger have received $50 per share for their McLean common stock, but except as so expressly admitted, deny each and every allegation of paragraph 22 of the complaint as amended."[1]

Casey has filed two affidavits in which he relates his present recollection concerning the events leading up to and culminating in the McLean-Reynolds merger. With regard to his perusal or approval of the McLean proxy material, he states, in essence, that he has no recollection of ever seeing any proxy material or the Malcolm McLean cover letter at the March 20, 1969 directors' meeting. In addition, he maintains that his first recollection of seeing the McLean letter and proxy statement eventually sent to the stockholders was on April 17, 1969. Finally, he states that a search of his files failed to uncover a single copy of the pertinent materials.

1. This answer was given in response to Paragraph 22 of the plaintiff's amended complaint which reads:

"The merger was submitted to the stockholders of McLean and Reynolds for approval and was approved on May 13, 1969, pursuant to proxy statements issued on April 10, 1969. The McLean proxy statement was approved and issued by the individual defendants. Following said approvals on May 13, 1969, the merger became effective, and, plaintiff believes, the favored defendants have received $50 per share for their McLean Common stock."

On the basis of Casey's present lack of recollection regarding certain matters admitted in paragraph 10 of the Casey defendants' answers, these defendants argue that the answer has conclusively been shown to be erroneous and that the interests of justice and the liberal interpretation afforded Rule 15(a)'s requirements mandate that they be permitted to amend. This Court cannot agree.

On November 24, 1969, the Casey defendants filed the answer they now seek to amend. No attempt to alter this admission was made for over two years during which time two motions for summary judgment were briefed, argued and decided on the issue of liability under Section 14(a), an issue which is particularly pertinent to the paragraph 10 admissions. Finally, after the plaintiff had moved for a trial on the issue of damages, the Casey defendants contest factual admissions which, if untrue, had to be cognizable well before the initiation of the instant litigation.

Casey's present recollection is in no way inconsistent with the initial admission. It is clear that Casey attended the March 20th meeting and approved the minutes of the March 20th meeting which include a resolution to adopt certain proposed forms of proxy materials. In addition, at his deposition, Casey testified he saw the proxy materials before they were distributed to the shareholders. (Dep. 39–41). The affidavits of Messrs. Higgenson and McConnell (Docket Item 167) indicate an unequivocal present recollection regarding the March 20, 1969 directors' meeting. Mr. Higgenson asserts that he distributed copies of drafts of the letter and of the pertinent portions of the McLean proxy statement.[2] Absent some more substantial indication that the Casey defendants' answer was erroneous, the Court feels that the extreme delay in moving

to amend, the two extensive summary judgment arguments and decisions, and the additional discovery burden on the plaintiffs militate against granting the motion to amend. In addition, the plaintiff maintains that the Casey defendants' present posture raises serious questions concerning the legality of the defendants' handling of the McLean-Reynolds merger before the SEC. To permit an amendment which might raise numerous additional issues and necessitate substantial discovery would not, on this record, be in the interests of justice.

■ The Court perceives a second, and perhaps more fundamental defect in the Casey defendants' motion to amend. After being represented by experienced and qualified counsel for over two years throughout discovery and two summary judgment motions, these defendants have obtained new counsel. Having seen one legal theory rejected by this Court these defendants are attempting to alter their factual stance to support an alternative legal theory. While Rule 15(a) stresses liberality to guarantee that litigants be afforded the opportunity to respond to new or unexpected developments, the rule cannot be utilized to sanction a defendant's taking diverse and, in fact, conflicting postures on the facts to facilitate multiple and contradictory defenses. The summary judgment motion would be a non-productive tool were such practices permitted.

The Casey defendants may proceed to develop a factual record which supports their present position and if such a record is developed, may renew their motions.

For the reasons stated above, the Court denies the motions of Casey, Monroe and Litton.

Submit order.

---

2. The merger sections of the Reynolds proxy draft were submitted to the directors for their examination since those portions of the McLean and Reynolds proxy statements were done jointly and the McLean draft was not yet printed.