559 P.2d 725 (1976)
George S. RICE, III and Barbara R. Rice, Plaintiffs-Appellees and Cross-Appellants,
v.
Robert R. HILTY and Ruby V. Hilty, Defendants-Appellants and Cross-Appellees.
No. 75-451.
Colorado Court of Appeals, Div. I.
November 4, 1976.
Rehearing Denied December 2, 1976.
Certiorari Denied February 7, 1977.
*726 Charles J. Haase, Colorado Springs, for plaintiffs-appellees and cross-appellants.
Robert Dunlap, Colorado Springs, for defendants-appellants and cross-appellees.
Selected for Official Publication.
KELLY, Judge.
The defendants, Robert and Ruby Hilty, appeal from the judgment of the trial court awarding damages to plaintiffs, George and Barbara Rice, for the defendants' fraud in the sale of a motel. The Hiltys argue that the representation relied upon by the plaintiffs was not actionable, and further, that no competent evidence of damages was presented. The Rices cross-appeal the amount of damages. We affirm the judgment as to the Hiltys' liability, and remand the case for further proceedings on the amount of recovery to which the plaintiffs are entitled.
The Rices' complaint alleged that they relied upon the Hiltys' representation that the annual gross income of the motel was over $50,000 per year. The Hiltys contend, however, that the plaintiffs merely relied upon "assurances" by Mr. Hilty that the motel was making adequate money for the Hiltys, and would make adequate money for the Rices. The trial court found, among other things, that the Hiltys did make the representation to the Rices concerning the amount of annual gross income of the motel, that the representation was false, and that the Rices relied upon that misrepresentation. The evidence, when viewed as a whole, supports these findings, and they are, therefore, binding on review. Linley v. Hanson, 173 Colo. 239, 477 P.2d 453 (1970).
The Hiltys further contend that the trial court erroneously failed to apply the benefit-of-the-bargain rule of damages applicable in fraud cases, and that, because no evidence consistent with that rule was presented, the Rices were not entitled to any recovery. While we agree that the benefit-of-the-bargain rule is ordinarily appropriate in fraud cases, see Otis & Co. v. Grimes, 97 Colo. 219, 48 P.2d 788 (1935), there are additional factors in this case making different principles of recovery applicable.
As the trial court noted in its findings, under the parties' agreement, the motel was not conveyed to the Rices. Rather, the parties had signed a contract for sale under which the Hiltys were to deliver to the Rices a deed to the property when the unpaid balance of a promissory note given in partial payment for the motel had been reduced to a specified amount. The trial court also found that, sometime during the pendency of the action, the Rices had surrendered possession of the motel to the Hiltys, who then resold the property by exchange. This finding is uncontroverted. It is thus apparent that rescission of the contract was effected by the actions of the parties. See McGlothlin v. Nichoalds, 212 F.Supp. 757 (D.Colo.1962), aff'd, 330 F.2d 454 (10th Cir. 1964).
The trial court apparently considering the effect of this rescission by the parties, ruled that the correct measure of damages was the actual loss suffered by the defrauded plaintiffs, and awarded them the $15,000 they had paid at the time of the execution of the contract, and the $4,000 credit given to them for property which they had conveyed to the Hiltys. Although the trial court found that the plaintiffs had paid a total of $32,908 in payments on the promissory note, the court declined to award plaintiffs any of those sums because of the insufficiency of the evidence of the plaintiffs' net income from the property during the period of their possession.
Although the Rices originally sought damages in an action at law, equitable relief is not precluded where a change in circumstances alters the posture of the case and renders the original relief sought inappropriate. See C.R.C.P. 15(b), 54(c). *727 Equity may fashion a remedy to effect justice suitable to the circumstances of the case. See Dlug v. Wooldridge, Colo., 538 P.2d 883 (1975).
The trial court, being aware that plaintiffs neither owned the property nor had possession of it, recognized the inappropriateness of an award for damages under the benefit-of-the-bargain rule. However, neither of the parties at trial presented evidence relevant to a determination of the amount to be awarded as a result of the rescission. Thus, further proceedings are necessary so that the parties may present appropriate evidence to enable the trial court to order the proper amount of restitution. See Pickett v. Duke, 170 Colo. 199, 460 P.2d 232 (1969).
In suits involving rescission, the parties must be placed in status quo. Bankers Trust Co. v. Hall, 116 Colo. 566, 183 P.2d 986 (1947). Since the Rices have already surrendered possession of the motel to the Hiltys, the Hiltys must now return whatever consideration they received under the contract. Therefore, in addition to the $19,000 awarded by the trial court, the Rices are entitled to a return of their payments on the promissory note, and to interest on each payment from the date thereof. Restatement of Restitution §§ 66 and 156; see 66 Am.Jur.2d Restitution & Implied Contracts § 166.
For the purpose of determining the other equities between the parties resulting from the rescission, the factors to be considered may include, but are not limited to, the amount of net profit or loss realized by plaintiffs during their period of operation of the motel, the amount of any capital improvements made by them that were of benefit to the motel property, the reasonable rental value of that portion of the property utilized by plaintiffs for their own personal use, and the reasonable value of their services in managing the motel. See Pickett v. Duke, supra; Restatement of Restitution §§ 65, 157, 158, 159 and 66 Illustration 9; 66 Am.Jur.2d Restitution & Implied Contracts § 171.
The judgment as to the liability issues is affirmed. The judgment as to the award of damages is reversed, and the cause is remanded for further evidentiary proceedings to determine the amount of recovery to which the plaintiffs are entitled, and for findings of fact, conclusions of law, and entry of judgment thereon.
COYTE and VanCISE, JJ., concur.