DAVIS MANUFACTURING AND SUPPLY COMPANY, Plaintiff,

v.

COONSKIN PROPERTIES, INC., Defendant,

v.

ALCOA CONSTRUCTION SYSTEMS, INC., The Bank of Telluride, David H. Hirsch, Michael D. Long, d/b/a Long Bros. Corp., United Construction of Durango, Inc., Robert D. Whitaker, d/b/a Montrose Drywall Company, Genevieve S. Jansky, Animas Aggregates, Inc., Martin Young, the First National Bank of Montrose, Colorado, B & D Electric, Inc., Jack Vickery, Architect and Contractor, Gingery Associates, Inc., Engineers, James Buck Associates, Engineers, and the Public Trustee of the County of San Miguel and the State of Colorado,

v.

RETAserv CORPORATION, Foreclosure Purchaser-Cross-Appellee,

v.

Raymond MAYER, Intervenor-Appellant,

v.

BANCO URQUIJO, S.A., Intervenor-Appellee-Cross-Appellant.

No. 83CA0246.

Colorado Court of Appeals, Div. III.

March 1, 1984.

As Modified on Denial of Rehearing April 26, 1984.

Certiorari Denied Aug. 20, 1984.

Fairfield & Woods, Patrick F. Kenney, Christine K. Truitt, Denver, for foreclosure purchaser-cross-appellee RETAserv Corporation.

E.B. Hamilton, Jr., Durango, for intervenor-appellant Raymond Mayer.

Thomas F. Cheney, Montrose, for intervenor-appellee and cross-appellant Banco Urquijo, S.A.

VAN CISE, Judge.

This is the second appeal in this case. The facts pertinent to this appeal have been stated in our opinion pertaining to the first appeal, *Davis Manufacturing & Supply Co. v. Coonskin Properties, Inc.,* 646 P.2d 940 (Colo.App.1982) (*Coonskin I*), and will not be repeated here.

In *Coonskin I,* we determined that Raymond Mayer, as junior lienor, was entitled to redeem property in Telluride, Colorado, known as the Coonskin Inn. We remanded the case to the trial court for it to determine the amounts that are properly chargeable to Mayer to redeem from Banco Urquijo, S.A. (Banco), "on the basis that Banco is the holder of the certificate of purchase." The court was also directed to determine the amounts that are properly chargeable to RETAserv Corporation (RETAserv), the purchaser at sheriff's sale and original holder of the certificate of purchase, to repay Banco who had "redeemed" from RETAserv after the 75 day period for redemption had expired.

On remand, the parties stipulated to the amount expended by Banco on the property since it redeemed from RETAserv. The court then fixed the amount to be paid to Banco by Mayer to redeem, to include the total of: (1) the original $550,000 purchase price paid at the October 31, 1979, sale, (2) interest at the varying rates from date of sale through February 17, 1983 (the new redemption date for Mayer), (3) the amount previously paid to Mayer to satisfy his judgment, and (4) the stipulated amount of Banco's expenses pertaining to the property after it redeemed. The court did not order any refund by RETAserv to Banco of the amounts Banco had previously paid RETAserv to satisfy the other judgment (Saluda) or for its attorney's fees, expenses, and excess interest which Banco was not allowed to recover from Mayer.

Mayer redeemed at the figure ordered by the court, the previously issued sheriff's deed was cancelled, and a new deed was issued to Mayer.

Mayer now appeals the trial court's determination of the amount payable to Banco to redeem. Banco appeals the court's refusal to order RETAserv to refund the balance of the amounts previously paid by

Banco to "redeem" the property from RE-TAserv. We reverse.

### I.

Mayer's sole contention on appeal is that the trial court erred in that part of its order which required him, in order to redeem, to pay Banco interest on the $550,-000 for the entire period from October 31, 1979, the date of the execution sale, until the new redemption date. He asserts that he should not have to pay interest for any period after the date of his January 28, 1980 tender, when he should have been allowed to redeem. We agree.

In *Coonskin I,* we determined that the proper redemption period was 75 days and that the holder of the certificate of purchase, RETAserv, could not prevent Mayer from redeeming by paying, over his objections, and thereby satisfying the judgment which was the basis for his lien. Since Mayer complied with the statutory requirements for timely tender and, in fact, tendered an amount in excess of that necessary for redemption, he was entitled to a certificate of redemption on the date of tender. We held, in *Coonskin I,* that "if Mayer is to receive a deed, there is no obligation on him to repay to Banco any more than Banco would have been entitled to receive had it been the holder of the certificate of purchase on redemption." The court erred in requiring interest beyond the original tender date. Banco must refund the excess, together with interest at the rate of eight per cent per annum compounded annually from the date the excess was paid (February 17, 1983).

### II.

On its appeal, Banco contends, in effect, that it is entitled to receive back from RETAserv the amounts paid to RETAserv on April 28, 1980, to satisfy the Saluda judgment, to reimburse RETAserv for its expenses and attorney's fees, and all interest paid to RETAserv for the period through April 28, 1980, less the amount of interest properly chargeable to Mayer as specified in I above. We agree.

The amount paid by Banco for its attempted redemption in April 1980 was based on the trial court's order specifying that, to redeem from sale, RETAserv was entitled to receive 12% interest on the entire purchase price and all of its expenses and attorney's fees. That order has been set aside, and Banco's redemption has been rescinded. Under the circumstances of this case, Banco is entitled to be restored to its former position—to receive back what it paid. *See Rice v. Hilty,* 38 Colo.App. 338, 559 P.2d 725 (1976). The amount of any of the components of the rescinded redemption price not already paid by Mayer (after adjustment for refund of excess interest as prescribed in I above) should be refunded to Banco by RETAserv, plus interest at eight per cent per annum compounded annually from the date of payment by Banco to RETAserv, April 28, 1980. *See Rice v. Hilty, supra.*

Accordingly, the portions of the trial court's order appealed are reversed, and the cause is remanded to the trial court to determine, consistent with this opinion, the amounts to be repaid to Mayer by Banco and to be repaid to Banco by RETAserv and to enter appropriate judgments therefor.

STERNBERG and METZGER, JJ., concur.