George R. GAUBATZ, Plaintiff-Appellee,

v.

MARQUETTE MINERALS, INC., a
Colorado corporation,
Defendant-Appellant.

No. 83CA0900.

Colorado Court of Appeals,
Div. II.

Aug. 16, 1984.

Louis A. Weltzer, Denver, for plaintiff-appellee.

Lohf & Barnhill, P.C., Stephen E. Kapnik, Denver, for defendant-appellant.

BERMAN, Judge.

In this quiet title action, defendant Marquette Minerals, Inc. (Marquette) appeals the judgment of the trial court quieting title in plaintiff, George R. Gaubatz, subject to Marquette's counterclaim for specific performance and denying Marquette's motion for leave to file an amended counterclaim for rescission. We affirm.

On June 11, 1981, Marquette entered into a contract to purchase two contiguous parcels of real estate in Clear Creek County from their record owner, Gaubatz. Prior to closing, Marquette objected to the status of title. Nonetheless, in a letter dated November 16, 1981, Marquette indicated its desire to consummate the purchase and proposed that Gaubatz commence quiet title proceedings while Marquette remained in possession of the property "rent free," in order to mitigate damages.

On December 17, 1981, Gaubatz commenced this action to quiet title, naming as defendants Marquette and numerous other parties claiming an interest in the property. Marquette counterclaimed for specific performance, coupled with a claim for damages, asserting that it was ready, willing, and able to pay the purchase price, or in the alternative for breach of the contract.

Trial was set for May 31, 1983. On May 5, 1983, Marquette filed a motion to amend its counterclaim to replace the claim for specific performance with a claim for rescission. Averring in support of its motion that changed economic conditions made development of the property unfeasible, Marquette sought to treat the contract as terminated and to recover all monies paid.

At the trial on May 31, 1983, the trial court cleared title in Gaubatz, subject to a deed of trust not here relevant and to Marquette's contractual interest. The court then denied Marquette's motion to amend, granted Marquette's original counterclaim for specific performance, and ordered both parties to perform the contract within thirty days. In denying Marquette's motion, the trial court found Marquette's only reason to amend, changed economic circumstances, to be insufficient to overcome the prejudice which would result to Gaubatz by permitting Marquette to reverse its position with respect to enforceability of the contract so close to trial.

Marquette's sole contention of error is that the trial court abused its discretion in denying its motion to amend. Contending that its amended counterclaim was only complimentary to, not inconsistent with, its original counterclaim and that Gaubatz would not have been prejudiced, Marquette argues that its motion should have been granted pursuant to the liberal amendment policy of C.R.C.P. 15(a). We disagree.

■ Once a responsive pleading has been filed, the decision whether to allow an amendment to a claim or counterclaim rests within the sound discretion of the trial court. C.R.C.P. 15(a); *Jenkins v. Glen & Helen Aircraft, Inc.,* 42 Colo.App. 118, 590 P.2d 983 (1979). Although leave to amend should be "freely given" whenever "justice so requires," C.R.C.P. 15(a), the motion may be denied for reasons of undue delay, bad faith, or undue prejudice. *See Eagle River Mobile Home Park, Ltd. v. District Court,* 647 P.2d 660 (Colo.1982); *Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

When considering a motion to amend made long after the original pleading and only shortly before trial, the court should weigh the prejudice to the opponent in granting the motion against the prejudice to the movant in denying the motion, bearing in mind that the movant carries the burden of demonstrating lack of knowledge, mistake, inadvertence, or other reason for having not stated the amended claim earlier. *Moviecolor Limited v. Eastman Kodak Co.*, 288 F.2d 80 (2d Cir.1961); *Johnson v. Sales Consultants, Inc.*, 61 F.R.D. 369 (N.D.Ill.1973); *County of Marin v. United States*, 150 F.Supp. 619 (N.D. Cal.1957). *See Werkmeister v. Robinson*, 669 P.2d 1042 (Colo.App.1983).

Here, the prejudice resulting to Gaubatz if the amendment were allowed is readily apparent. Contrary to Marquette's assertions, the difference between specific performance and rescission is sufficiently radical that a court may require a party asserting both to select one or the other. *Holscher v. Ferry*, 131 Colo. 190, 280 P.2d 655 (1955); *Merchants Mortgage & Trust Corp. v. Dawe*, 660 P.2d 1299 (Colo.App. 1982). Such an election is necessary since to treat the contract as enforceable and to seek specific performance or damages for breach is inconsistent with a request for rescission. *Kalish v. Brice*, 136 Colo. 179, 315 P.2d 829 (1957); *Gilpin County Mining Co. v. Drake*, 8 Colo. 586, 9 P. 787 (1885). Accordingly, Gaubatz's defense to Marquette's new claim would be substantially different from the defense Gaubatz had maintained for seventeen months.

The prejudice to Marquette if the amendment were denied is not so apparent. Relying on *Rice v. Hilty*, 38 Colo.App. 338, 559 P.2d 725 (1977), Marquette asserts that changed economic conditions justify a change in relief. In *Rice v. Hilty, supra,* however, a fundamental change in the parties' positions with respect to the property in question, not a change in economic conditions, justified the alternative relief. Here, there has been no such change. Although Marquette claims that Gaubatz is now in possession of the property, that does not affect the underlying issue of title ownership the way the change in ownership affected the central issue in *Rice v. Hilty, supra.* Moreover, Marquette has failed to demonstrate lack of knowledge, mistake, inadvertence, or other acceptable reason for not stating an alternative claim for rescission earlier. *County of Marin v. United States, supra.*

Although C.R.C.P. 8 permits inconsistent pleading, a party may not assert one theory, induce reliance thereon, and then shortly before trial reverse theories without acting contrary to the spirit of the rules. *Gould v. American Hawaiian Steamship Co.*, 55 F.R.D. 475 (D.Del.1972); *C. Wright & A. Miller, Federal Practice & Procedure* § 1487 (1971).

In short, Marquette failed to show that "justice ... requires" this late amendment.

Finally, we do not perceive defendant's appeal to be frivolous, and we, therefore, decline plaintiff's request for relief under C.A.R. 38.

Judgment affirmed.

SMITH and VAN CISE, JJ., concur.