**John W. WALL, Plaintiff–Appellant and Cross–Appellee,**

v.

**FOSTER PETROLEUM CORPORATION, Defendant–Appellee and Cross–Appellant.**

**No. 88CA0326.**

Colorado Court of Appeals, Div. IV.

Sept. 7, 1989.

Rehearing Denied Nov. 30, 1989.

Certiorari Denied May 14, 1990.

Robert A. Francis, P.C., Robert A. Francis, Aspen, for plaintiff-appellant and cross-appellee.

Robert B. Emerson, P.C., Robert B. Emerson, Carbondale, and Weller, Freidrich, Ward & Andrew, Hal B. Warren, Denver, for defendant-appellee and cross-appellant.

Opinion by Judge DUBOFSKY.

Plaintiff, John W. Wall, appeals the trial court's failure to award pre-judgment interest and to include additional property loss as part of its judgment rescinding his contract with defendant, Foster Petroleum Corporation. Defendant cross-appeals the trial court's judgment rescinding the contract. We affirm in part, reverse in part, and remand with directions.

In July 1979, plaintiff purchased a newly constructed single family residence from

defendant for $149,500. The house was built for defendant in an area it was developing for sale. Immediately after the purchase, plaintiff added improvements costing approximately $11,000.

In the spring of 1980, plaintiff discovered that water had seeped into the basement and that cracks had developed in the basement slab, in the dry-wall portions of the basement, and in the upper levels of the house. Plaintiff then contacted defendant and Don Ice, the general contractor. They retained an engineer who performed soil tests and found that the house was situated on a type of soil that, when mixed with water, expands and puts pressure on the foundation and other structural components.

In June 1981, plaintiff filed a complaint against defendant and Ice for damages based on negligence and breach of warranty. In 1984, he amended his complaint to request rescission as an alternative form of relief.

Following trial to the court, it determined that defendant had not conducted soil tests and that the residence was constructed upon expansive soil which had swelled upon contact with water, causing damage to both the residence and plaintiff's personal property. The court did not determine that defendant was negligent for not testing the soil. However, it did determine that the damage to the residence is permanent and incurable, thus violating the implied warranty of habitability and entitling the plaintiff to rescission.

In its amended judgment the trial court ordered defendant to pay plaintiff $149,500, the amount paid for the house, subject to the condition precedent that the plaintiff convey the property free and clear of encumbrances to defendant. After considering all of plaintiff's interest claims, the trial court determined that plaintiff was entitled to interest only from the date of the amended judgment.

## I.

◼ Defendant argues that the evidence does not support the trial court's determination that the damage to the residence was significant enough to warrant rescinding the contract. It contends that the house could be repaired and that, therefore, plaintiff is entitled to contract damages, rather than to rescission. We disagree and conclude that the trial court properly ordered rescission of the contract.

◼ Defendant had several homes built in an area it was developing for sale to the general public and is, therefore, considered a builder-vendor. *See Mazurek v. Nielsen,* 42 Colo.App. 386, 599 P.2d 269 (1979). A builder-vendor of a new home is liable to the buyer for breach of implied warranties of workmanlike construction and habitability. *Sloat v. Matheny,* 625 P.2d 1031 (Colo. 1981).

◼ The warranty of habitability has been likened to strict liability for construction defects, and proof of a defect due to improper construction, design, or preparations is sufficient to establish liability in the builder-vendor. *Davies v. Bradley,* 676 P.2d 1242 (Colo.App.1983).

◼ Here, defendant was neither negligent in building the house nor fraudulent in its representations. However, this implied warranty arises because the builder-vendor holds himself out as having the expertise to construct a livable dwelling, *Sloat v. Matheny, supra;* and rescission is an appropriate remedy for misrepresentation, even if the seller does not realize the falsity of the misrepresentation. *See Bassford v. Cook,* 152 Colo. 136, 380 P.2d 907 (1963).

◼ Generally, rescission may be granted if the facts show that there is a substantial breach, that the injury caused is irreparable, or that damages would be inadequate, difficult, or impossible to assess. *Cooper v. Peoples Bank & Trust Co.,* 725 P.2d 78 (Colo.App.1986). Here, the evidence supports the trial court's determination that the breach was substantial and the damage was incurable. Additionally, given the ongoing nature of the problem, damages would be difficult, if not impossible, to assess. Accordingly, rescission of the contract is warranted.

■ Defendant next contends that plaintiff's delay in asserting his claim for rescission and in failing to tender title to the property precludes this claim. We disagree.

■ A party must rescind a contract within a reasonable time, but what constitutes a reasonable time depends upon the facts of a particular case and must be determined by the trier of fact. *Ralston Oil & Gas Co. v. July Corp.*, 719 P.2d 334 (Colo.App.1985).

Here, the trial court determined that the continuous and changing nature of this problem excused plaintiff's failure to demand rescission earlier. The complaint initially requested only contract damages and not rescission. The evidence indicates that the problems continued and worsened after the complaint was filed. It further indicates that the plaintiff was constantly evaluating the damage to his house to ascertain the extent of the problem and the approach he should pursue.

Plaintiff's actions constituted a legitimate effort to resolve the matter without resorting to rescission. *See Niles v. Builders Service & Supply, Inc.*, 667 P.2d 770 (Colo.App.1983); *Kent Jewelry Corp. v. Kiefer*, 119 N.Y.S.2d 242 (N.Y.Sup.Ct. 1952). Therefore, the evidence supports the trial court's determination that plaintiff acted within a reasonable time in rescinding the contract. *See Ralston Oil & Gas Co. v. July Corp., supra.*

Accordingly, both because the injury is substantial and irreparable so as to make an award of damages inadequate, and because there is a substantial breach of the implied warranty of habitability, plaintiff is entitled to rescission.

## II.

■ Plaintiff argues that, under § 5–12–102, C.R.S. (1988 Cum.Supp.), he is entitled to interest from the date of the wrongdoing and that, consequently, the court erred in awarding him interest only from the date that it entered the amended judgment. We disagree with the plaintiff as to the date from which interest should be computed but, nevertheless, conclude that the trial court erred in not awarding prejudgment interest.

Plaintiff is entitled to interest from the time his action accrues. *See W.H. Woolley & Co. v. Bear Creek Manors*, 735 P.2d 910 (Colo.App.1986). Here, the action for rescission arose when plaintiff amended his complaint in 1984 and first requested rescission. Prior to that demand there was no wrongful withholding of the $149,500 paid for the house. *See W.H. Woolley & Co. v. Bear Creek Manors, supra.* We determine that, as a matter of law, the earlier settlement letter was not a demand for rescission. Therefore, plaintiff is entitled to interest under § 5–12–102 only from the date his amended complaint was filed in 1984.

■ Defendant argues that, since rescission is an equitable remedy, the trial court properly offset the plaintiff's use of the property against his claim for interest without determining the value of either. We agree that, since rescission is an equitable remedy, the court has discretion in determining the appropriate relief for the parties. *See Cole v. Hotz*, 758 P.2d 679 (Colo.App.1987). However, § 5–12–102 requires that prejudgment interest be awarded where, as here, money is wrongfully withheld. Consequently, such an award must be incorporated in the court's assessment of the equities. In making this offset between interest and the use of the property, the trial court must first determine the value of each and then calculate the offset in awarding damages.

Here, the trial court made no factual determination as to the interest and the value of the plaintiff's use of the property, and accordingly, the cause must be remanded for that purpose. On such remand, the trial court should value the plaintiff's use of the property from the time he gained possession of it, and that value should be charged against the plaintiff in the damages computation. *See Rice v. Hilty*, 38 Colo.App. 338, 559 P.2d 725 (1976).

## III.

■ Furthermore, we agree with plaintiff that the trial court erred in not includ-

ing in its damages award the value of the home improvements he made and the amount of the personal property damage. *See Rice v. Hilty, supra.*

Accordingly, that part of the judgment awarding rescission is affirmed, that part of the judgment concerning the calculation of pre-judgment interest and damages is reversed, and the cause is remanded with directions to re-compute damages and interest in accordance with the views expressed herein.

TURSI and VAN CISE *, JJ., concur.