**Perry KAYE, Plaintiff-Appellee,**

v.

**ORKIN EXTERMINATING COMPANY, INC., Defendant-Appellant.**

**No. 72-3047.**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Feb. 1, 1973.

---

* Rule 18, 5 Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

John H. Wahl, Jr., Lawrence A. Schroeder, Miami, Fla., for defendant-appellant.

Daniel Neal Heller, Miami, Fla., for plaintiff-appellee.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

AINSWORTH, Circuit Judge:

In this Florida diversity suit, defendant Orkin Exterminating Company, Inc. has appealed from a declaratory judgment in favor of plaintiff Perry Kaye, holding that a contract between the parties, which contained a provision prohibiting Kaye for 20 years from engaging in any business competitive with Orkin, had been terminated, and the provision was unreasonable and unenforceable. We affirm.

Plaintiff-appellee Kaye was Vice President and Operations Manager of Orkin Company at the time that corporation was sold to Kinro Corporation on September 1, 1964. Kinro Corporation subsequently changed its name to Orkin Exterminating Company, Inc. On the date of the sale, Kaye executed a consultant agreement with the purchaser corporation. That agreement contained the following restrictions against competition: " . . . Consultant covenants and agrees with the Company, its successors and assigns, until August 31, 1984, whether such consultative services shall cease by reason of the expiration of the term of this contract or by the discharge of Consultant by the Company, with or without cause, that he shall not, . . . engage . . . in any business which is at the time competitive with the business or activities conducted by Company or Predecessor on the date of this contract of consultation hereunder in any area in which the Company or Predecessor shall operate on such date."

On August 2, 1965, the Executive Vice President of Orkin Company sent a letter to Kaye which stated: "I am writing to advise that it is the desire of the Company to terminate the above-stated agreement as of August 31, 1965." The agreement referred to is the consultant agreement.

■ The no-competition clause was an integral part of the consultant contract and did not stand independently of it. The District Judge held, and we agree with his holding, that when Orkin terminated the agreement, rather than terminating Kaye's employment, it also terminated the no-competition requirement contained in the agreement. The clause ceased to have effect because the contract between the parties had ended.

■ It is also our view, agreeably to that of the District Judge, that the contract with a 20-year, no-competition covenant, on which there remain 13 more years, is unreasonable. The District Judge held that "Based upon the particular facts of this case, the continued enforcement of the restriction is unreasonable and unenforceable." The facts to which the District Judge referred were the following: the contract was executed in Atlanta but Kaye had subsequently moved to Miami; he was not asked to render any service to Orkin after the sale; he has not attempted to engage in any activity competitive with Orkin's operations; he is not the founder of the Orkin business; he has not had any contact with Orkin customers or employees, and has no lists of them; there is a high attrition rate of customers in the subject business; Orkin has restrictive covenant contracts with its employees; Orkin's chemicals, techniques, and procedures are not trade secrets; and Kaye has no access to any trade secrets.

In Cerniglia v. C. & D. Farms, Inc., 203 So.2d 1 (S.Ct. Fla., 1967), the Florida Supreme Court held a 20-year, no-competition covenant to be unreasonable and unenforceable because of the provi-sions of Section 542.12, Fla.Stat.F.S.A., which establishes the public policy of Florida. *See also* Davis v. Ebsco Industries, Inc., 150 So.2d 460 (Fla.App., 1963) and 45 A.L.R.2d 77.

Affirmed.