## No. C-616

## Dr. Fred Grossman v. Dr. Joseph H. Sherman

(599 P.2d 909)

Decided September 17, 1979.                    Rehearing denied October 9, 1979.

Deisch and Marion, P.C., Sheldon H. Smith, for petitioner.

Edward H. Sherman, for respondent.

*En Banc.*

JUSTICE CARRIGAN delivered the opinion of the Court.

In 1970 the defendant Grossman, a urologist, entered into an employment contract to practice medicine as an employee of the plaintiff Colorado Urological Associates, P.C. (Associates).[1] The contract required Grossman to pay $20,000 as liquidated damages if he engaged in competitive practice in the event of the contract's "termination." The trial court held that the liquidated damages clause did not survive after Grossman completed his agreed one year of employment under the contract. The court of appeals reversed. *Colorado Urological Associates, P.C. v. Grossman,* 34 Colo. App. 420, 529 P.2d 652 (1974). We reverse the court of appeals and reinstate the trial court judgment.

The pertinent sections of the employment contract provide:

"(1) Corporation does hereby employ Grossman . . . for a period of one (1) year. . . .

(8) Grossman for himself agrees and covenants that in the event of the termination of this agreement for any reason, if Grossman enters competitive practice, he will, within thirty (30) days of entering competitive practice, pay to the Corporation the sum of TWENTY THOUSAND DOLLARS ($20,000) as liquidated damages under this agreement. For the purpose of this agreement, the term ''competitive practice'' shall mean the practice of medicine and urological surgery, . . . within a thirty (30) mile limit of metropolitan Denver, Colorado, during the twenty-four (24) months following the day on which the termination of his employment occurs.

(9) If this employment arrangement proves satisfactory to both parties, it is the intent of both parties that at the end of this agreement Grossman shall become a Shareholder of the Corporation, gradually increasing the number of shares owned by him over a five (5) year period. . . ."

---

[1] Colorado Urological Associates was the original plaintiff in this case. Dr. Joseph H. Sherman was substituted as a party after the claim was assigned to him.

Although both parties negotiated in good faith they failed to agree upon terms for Grossman's additional employment beyond the contracted one year. At the end of that year, therefore, Grossman left Associates and established a practice in the Denver metropolitan area. Associates then claimed $20,000 in liquidated damages for Grossman's alleged breach of the covenant not to compete.

The single issue here presented is whether Grossman "terminated" the contract and thus triggered the liquidated damages clause.

■ Where a written contract is complete and unambiguous, its interpretation is a matter of law, and, therefore, we are not bound by the construction of either the trial court or the court of appeals. *Sunshine v. M.R. Mansfield Realty, Inc.,* 195 Colo. 95, 575 P.2d 847, 849 (1978); *Helmericks v. Hotter,* 30 Colo. App. 242, 244-45, 492 P.2d 85, 87 (1971).

■ If a contract is unambiguous, a "court may not rewrite it nor limit its effect by strained construction." *Urtado v. Allstate Insurance Co.,* 187 Colo. 24, 26, 528 P.2d 222, 223 (1974). Only a rewriting of the contract, or a strained construction, would permit us to hold that the liquidated damages clause operated after Grossman completely fulfilled his obligation to serve as an employee for one year.

The contract expressly provided an employment term limited to one year. Only if the "employment arrangement prove[d] satisfactory to both parties," and they were able successfully to negotiate terms for continued employment, was the relationship to be extended beyond one year. It is apparent that if the employment had been extended beyond one year, a new contract, with new terms, would have been substituted for the instant contract.

■ Grossman fully performed the terms and conditions of the only contract governing his employment the first year. While the contract might have provided that the liquidated damages provision extended beyond the one-year term of employment, it did not so provide. We cannot add terms to the contract by interpretation when the terms set out by the parties are unambiguous. It must be concluded, therefore, that the liquidated damages provision expired with the rest of the contract when Grossman completed his agreed year of employment.

■ In view of the fact that the Associates' representative drafted the contract, our conclusion is further buttressed by the rule that, "[i]n case of doubt a contract is construed most strongly against him who drafted it." *Christmas v. Cooley,* 158 Colo. 297, 302, 406 P.2d 333, 336 (1965).

Clearly at the time Grossman set up his competing practice he did not "terminate" his contract with Associates. The life of that contract — including all its provisions — ceased inasmuch as its term had ended. The liquidated damages clause would have become operable only if Grossman had breached his contract and set up a competing practice during the term

of his one-year employment.

■ The interpretation sought by Associates might have rendered Grossman subject to the liquidated damages provision even if he served twenty years in the corporation's employ before leaving. While such a harsh intent might be lawful, we cannot infer it from the language here employed. "[A]n interpretation which makes the contract or agreement fair and reasonable will be preferred to one which leads to a harsh or unreasonable result." *Hutchinson v. Elder,* 140 Colo. 379, 383, 344 P.2d 1090, 1092 (1959).

Nor can we accept the Associates' argument that the liquidated damages clause remained effective only for the one year of initial employment plus the two years after employment during which competitive practice was forbidden. The two-year period has no application at all until after other events evoke operation of the clause. Thereafter, it merely measures the term during which competition is forbidden.

We reverse the court of appeals and return the cause to that court with directions to remand it for reinstatement of the trial court's judgment.