Mervin W. NILES, Plaintiff-Appellee,

v.

BUILDERS SERVICE & SUPPLY, INC., a Colorado corporation, and Kriss W. Barnes, Defendants-Appellants.

No. 80CA1093.

Colorado Court of Appeals.

June 30, 1983.

Robert E. Ray, Greeley, for plaintiff-appellee.

Calkins, Kramer, Grimshaw & Harring, Richard L. Shearer, Denver, for defendants-appellants.

STERNBERG, Judge.

The plaintiff, Mervin W. Niles, the seller, sued to collect payment due on a promissory note he received when he sold his business to the buyer, defendant Builders Service & Supply, Inc. Defendant Kriss W. Barnes personally guaranteed the note. The defendants filed a general denial to the complaint and counterclaimed for rescission or damages based on misrepresentation or mutual mistake going to the essence of the contract. The trial court entered judgment for the seller on the note and dismissed the counterclaim. The buyer and guarantor appeal. We affirm in part and reverse in part and remand with directions.

The agreement for purchase and sale of the business was entered into in 1973. The agreement stated in pertinent part:

"Seller represents to Buyer that the financial reports, and other data shown to or provided for Buyer prior to closing, were substantially correct. . . ."

Seller provided buyer with a financial statement prepared by his accountant which indicated that the business made a profit of approximately $40,000 during the year ending December 1972. Seller also provided the underlying financial data.

Buyer suffered a loss following his first year in operation and although he made a profit the second year, it did not approach that stated on the seller's financial statement. In 1976, he discovered that there were discrepancies between the financial report provided in 1973 and underlying financial data. His accountant later determined that the labor costs on the financial report were understated by $19,500. Buyer then stopped making payments on the note.

At the close of all evidence, buyer requested leave to amend the pleadings to conform to the evidence so that he could state a claim for breach of warranty. The trial court granted leave to amend.

The trial court found that the seller complied with the warranty provision by turning over the financial data from which the report was prepared. By providing complete financial information, the court rea-

soned that the seller had fulfilled his obligation to provide reports which are substantially correct. Accordingly, judgment was entered for the amount due on the note with interest.

On appeal, the buyer argues that the court misinterpreted the warranty provision as a matter of law and erred in finding that it had been complied with. We agree.

■ Before addressing the merits of this dispute, we first dispose of seller's argument that buyer should not have been granted leave to amend his pleading to state a claim for breach of warranty. The court did not abuse its discretion in allowing the amendment to conform with the evidence. C.R.C.P. 15(b); *H.W. Houston Construction Co. v. District Court,* 632 P.2d 563 (Colo.1981).

Turning to the merits, we agree that the court gave the agreement an erroneous construction, and that the seller did not comply with the warranty.

■ If a written contract is complete and unambiguous, its interpretation is a matter of law, and we are not bound by the construction of the trial court. *Grossman v. Sherman,* 198 Colo. 359, 599 P.2d 909 (1979). Also, the determination of ambiguity in a document is a question of law. *Buckley Bros. Motors, Inc. v. Gran Prix Imports, Inc.,* 633 P.2d 1081 (Colo.1981). An unambiguous document must be enforced according to the plain meaning of its terms, and cannot be varied by extrinsic evidence. *Buckley Bros. v. Gran Prix, supra.*

■ In examining this agreement we perceive no ambiguity in the clause construed by the trial court. It states that the seller "represents ... that the financial reports, and other data ... provided for Buyer were substantially correct...." This clause cannot be satisfied by an inaccurate financial statement simply because underlying financial data was also given to the buyers which, if analyzed, would have shown the financial statement to be inaccurate.

Nor does the trial court's interpretation comply with the reasonable intent of the parties as expressed by their agreement. When, pursuant to a contract provision like the one here, a financial report is prepared and presented to a buyer together with voluminous financial records, it would be unreasonable to assume that that buyer intended to bear the risk of error in the report or to oblige the buyer to examine the records to discern an error in the financial statement. Only a strained construction would lead to such result, and an interpretation which makes the contract reasonable will be preferred to one that leads to a harsh or unreasonable result. *Grossman v. Sherman, supra.*

Because we conclude that seller breached the warranty provision, we also conclude that rescission was not an appropriate remedy.

■ A party seeking rescission must show that damages would not adequately compensate for the loss, except where rescission is based on fraud at the inception of the contract. *Dumas v. Klatt,* 132 Colo. 333, 288 P.2d 642 (1955). Furthermore, where rescission is granted, the parties must be placed in the status quo before the sale. *Rice v. Hilty,* 38 Colo.App. 338, 559 P.2d 725 (1976).

■ Buyer abandoned his claim based on fraud, and has not shown that he would not be adequately compensated by damages for breach of the warranty. Nor can the parties be returned to the status quo before the sale: buyer has sold many of the business' assets and altered the line of business. Damages, therefore, are buyer's only remedy.

The judgment is affirmed as to defendants' liability on the note, and for interest and attorney fees provided therein. The judgment dismissing the counterclaim is reversed, and the cause is remanded for a hearing to determine the amount of damages to which buyers are entitled, and for findings of fact, and entry of judgment thereon, the amount of which shall be balanced against the judgment on the note.

SMITH and VAN CISE, JJ., concur.