**Nicholas BURKE, Respondent,**

v.

**David G. FINE, d/b/a David G. Fine & Associates, Appellant.**

**No. C8–99–1197.**

Court of Appeals of Minnesota.

April 18, 2000.

Review Denied June 13, 2000.*

---

* GILBERT, J., took no part in the consideration or decision of this case.

Kristen M. Ludgate, James M. Samples, Faegre & Benson, Minneapolis, for respondent.

Andrew Tanick, Gerald T. Laurie, Lapp, Laurie, Libra, Thomson & Stoebner, Minneapolis, MN for appellant.

Considered and decided by PETERSON, Presiding Judge, SCHUMACHER, Judge, and G. BARRY ANDERSON, Judge.

## OPINION

PETERSON, Judge.

In this appeal from a summary judgment, appellant Dr. David G. Fine argues that the district court erred by holding that the noncompete covenant in his employment agreement with respondent Dr. Nicholas Burke was not enforceable after the underlying employment agreement expired. We affirm.

## FACTS

Appellant and respondent are cardiologists. Appellant is the sole proprietor of a cardiology practice. In 1995, he hired respondent pursuant to a written employment agreement for a two-year term that began on July 1, 1995. The employment agreement contained a noncompete clause under which respondent agreed not to practice at Abbott–Northwestern Hospital for a period of two years after the termination of his employment.

Respondent continued working for appellant after the two-year term ended. In early January 1999, respondent told appellant that he was planning to leave the practice and would be looking for other employment. In late January 1999, respondent interviewed for a position at Minneapolis Cardiology Associates, which is associated with Abbott–Northwestern Hospital. After the interview, Cardiology Associates told respondent that it would like to make him an offer but needed confirmation that the noncompete covenant in the 1995 agreement was no longer in effect. Respondent sought appellant's confirmation that the 1995 agreement had expired. Appellant responded that he would seek enforcement of the noncompete covenant if respondent accepted the position.

Respondent commenced this declaratory judgment action to establish that the 1995 agreement had expired and that the noncompete covenant was unenforceable. Appellant counterclaimed, seeking declaratory and injunctive relief, arguing that even if the 1995 employment contract expired, the restrictive covenant was still in effect. The district court held that when the employment agreement ended, the restrictive

covenant also ended and, therefore, the restrictive covenant was not enforceable.

## ISSUES

When an employee hired pursuant to a two-year employment contract that contains a noncompete agreement continues working for the employer after the two-year period ends, but later terminates his employment, can the noncompete agreement be enforced?

## ANALYSIS

■■■ Contract interpretation is a question of law subject to de novo review. *Employers Mut. Cas. Co. v. A.C.C.T., Inc.,* 580 N.W.2d 490, 493 (Minn.1998); *Hertz Corp. v. State Farm Mut. Ins. Co.,* 573 N.W.2d 686, 688 (Minn.1998). The court interpreting a contract must construe the agreement as a whole. *Chergosky v. Crosstown Bell, Inc.,* 463 N.W.2d 522, 525 (Minn.1990).

The contract stated:

1. *Term.* Employer hereby employs Employee and Employee hereby accepts employment with Employer which shall begin on July 1, 1995 and continue for two years, *and may automatically renew for one-year periods unless earlier terminated as hereinafter provided.*

(Emphasis added.)

The contract also stated:

9. *Termination.* This Agreement shall terminate upon the happening of one of the following events: * * *

B. The end of the term of this agreement, unless extended.

Finally, the agreement contained modification provisions, which stated:

11. *Partnership.* Any extension of this agreement must be in writing and executed by both parties. * * *

* * * *

13.8 *Modification.* This Agreement may not be amended, waived or modified except by an instrument in writing signed by the party against whom the same is sought to be enforced.

The two-year term of the contract ended on June 30, 1997, and the parties did not enter into a new written agreement. The district court found that at that time, appellant did not apply the terms of the employment agreement to extend the agreement and did not engage in conduct consistent with extending the employment agreement. It found that the term of the employment agreement was not extended by the conduct of the parties and respondent's continued employment after the two-year period ended was on an at-will basis. Appellant does not dispute this finding.

The district court stated that it could not harmonize the automatic renewal provision in paragraph 1 with the provision in paragraph 9.E that the agreement would terminate at the end of the term unless extended. The court also stated that the termination provision in paragraph 9.E was consistent with the modification provisions, which required that any extension or modification of the agreement be in writing. The district court determined that the provision that the agreement would terminate at the end of its term applied to the entire employment contract and concluded that pursuant to this provision, the restrictive covenant terminated on June 30, 1997, with the rest of the agreement. Therefore, the restrictive covenant was not enforceable.

The restrictive covenant provided:

12. *Restrictive Covenant.* In the event of Employee's termination of employment whether by act of Employer, Employee or both, Employee agrees not to engage in the practice of medicine or cardiology at Abbott–Northwestern Hospital * * * directly or indirectly, either individually or as a member of a firm or clinic or as an Employee or otherwise, for a period of two (2) years from and after the date of such termination.

Appellant argues that the district court rewrote the parties' agreement when it concluded that the noncompete agreement was no longer enforceable once the employment agreement expired. Appellant contends that by its express terms, the noncompete agreement prohibits respondent from competing with appellant for two years following the termination of respondent's employment, and the fact that the employment agreement had a specific termination date does not mean that the parties could not, by mutual agreement, incorporate a provision that imposed obligations after the expiration date. Appellant argues that the district court took the erroneous position that a contractual provision cannot survive the expiration of the underlying agreement.

Appellant misunderstands the district court's decision. The district court did not conclude that a contractual provision could never survive the expiration of the underlying contract; the district court concluded that the noncompete provision in respondent's employment contract did not survive the expiration of the underlying contract. Appellant's argument that the express terms of the noncompete agreement prohibit respondent from competing with appellant for two years following the termination of respondent's employment ignores the fact that the express terms were part of a contract that had expired.

When the employment contract expired, its terms were no longer binding on the parties. Appellant has not cited any language in the employment contract that indicates the noncompete agreement was to survive the termination of the underlying contract. Consequently, the proper construction of the noncompete agreement is irrelevant because there is no longer any contract to construe.

In *Nimis v. St. Paul Turners,* 521 N.W.2d 54 (Minn.App.1994), this court addressed a similar issue. In that case, the issue was whether a waiver contract that the plaintiff signed in conjunction with a health club membership expired when the membership agreement expired, or whether the waiver was still in effect a year later when the plaintiff rejoined the club. *Id.* at 56–57. This court held that even though the waiver was on a separate piece of paper that contained no expiration date, it "was an integral part of the membership contract and thus would be of the same duration unless specific language designated otherwise." *Id.* at 58.

Appellant contends that *Nimis* supports his position because specific language in the noncompete provision in the employment contract states that the noncompete period runs from two years after the termination of respondent's employment. Appellant interprets this language to mean that the duration of the noncompete provision is not the same as the underlying contract period. We disagree.

There is no language in the noncompete provision that indicates that the provision survives the expiration of the underlying contract. The provision says no more than that if employment terminates, the employee agrees not to practice medicine or cardiology at Abbott–Northwestern Hospital for a period of two years. The fact that, if there is a termination during the two-year contract period, the agreed-upon, two-year noncompete period will necessarily extend beyond the two-year contract period, does not mean that the noncompete provision remains applicable to a termination that occurs after the two-year contract period ends.

Our conclusion that the noncompete agreement was not enforceable after the underlying contract expired is also consistent with this court's decision in *Roberts v. Baumgartner,* 391 N.W.2d 545 (Minn.App. 1986). In *Roberts,* a restrictive covenant prohibited a partnership from providing competitive occupational therapy services upon "termination" of a subcontractor agreement that had a one-year term. *Id.* at 547–48. The day after the subcontract expired, the partnership entered into an agreement to provide services that would

have violated the restrictive covenant, and the principal contractor sued. *Id.* at 547. This court found that the restrictive covenant was no longer enforceable because, by its own terms, it applied if the agreement was actively "terminated" by one of the parties during the one-year term of the subcontract, and it could not be invoked following the "natural" expiration of the subcontractor agreement's one-year term. *Id.* at 547–48.

Our conclusion is also consistent with decisions in other jurisdictions. *Grossman v. Sherman*, 198 Colo. 359, 599 P.2d 909, 910 (1979), which was cited in *Roberts*, involved a contract that was expressly limited to one year and provided for liquidated damages if the physician-employee violated the noncompete provision in the contract. After the year ended, the employer and the employee were unable to agree on terms for additional employment. *Id.* The employee left after the contract expired and established a practice that would have violated the noncompete provision if it applied. *Id.* The court considered whether the employee "terminated" the contract and triggered the liquidated-damages clause by violating the noncompete agreement. *Id.* at 911. The court held:

> While the contract might have provided that the liquidated damages provision extended beyond the one-year term of employment, it did not so provide. We cannot add terms to the contract by interpretation when the terms set out by the parties are unambiguous. It must be concluded, therefore, that the liquidated damages provision expired with the rest of the contract when Grossman completed his agreed year of employment.

*Id.*

Appellant attempts to distinguish *Grossman* on the grounds that the noncompete provision in *Grossman* was tied to the "termination of this agreement" and not to the termination of employment. But appellant again fails to explain why the reference in the noncompete provision to "termination of employment" should be construed to mean that the noncompete provision survives the expiration of the contract. *See also Kaye v. Orkin Exterminating Co.*, 472 F.2d 1213, 1215 (5th Cir.1973) (finding that where an employment agreement had terminated, the noncompete clause in that agreement "ceased to have effect because the contract between the parties had ended"); *Sanz v. R.T. Aerospace Corp.*, 650 So.2d 1057, 1059 (Fla.Dist.Ct.App.1995) (holding that once an employment agreement had expired, noncompete clauses contained in that agreement were no longer enforceable); *Storz Broad. Co. v. Courtney*, 178 So.2d 40, 42 (Fla.Dist.Ct.App.1965) (holding noncompete provision applicable to termination during term of agreement, but was not applicable after contract was fully performed).

### DECISION

■ When the parties' two-year employment contract expired at the end of the two-year contract period, the noncompete provision in the contract also expired. Therefore, the noncompete agreement was not enforceable when the respondent employee later terminated his employment.

**Affirmed.**