2014 CO 31

**WESTERN LOGISTICS, INC. d/b/a Diligent Delivery Systems, Petitioner**

v.

**INDUSTRIAL CLAIM APPEALS OFFICE of the State of Colorado; and Division of Employment and Training, Employer Services—Integrity/Employer Audits, Respondents.**

**Supreme Court Case No. 12SC911**

Supreme Court of Colorado.

May 12, 2014

Attorneys for Petitioner: Sherman & Howard, LLC Heather Fox Vickles Matthew M. Morrison, Denver, Colorado

Attorneys for Respondents: John W. Suthers, Attorney General John A. Lizza, First Assistant Attorney General Tricia A. Leakey, Assistant Attorney General Alice Q. Hosley, Assistant Attorney General, Denver, Colorado

Attorney for Amicus Curiae Colorado Motor Carriers Association: Wheeler Trigg O'Donnell, LLP Mark T. Clouatre, Denver, Colorado

JUSTICE BOATRIGHT delivered the Opinion of the Court.

¶ 1 In this case, we consider when, under the Colorado Employment Security Act ("CESA"), §§ 8–70–101 to 8–82–105, C.R.S. (2013), an individual is an independent con-

tractor as opposed to an employee. Under section 8–70–115(1)(b), C.R.S. (2013), an individual may be classified as an independent contractor if the employer can prove that the individual is "free from control and direction in the performance of the service, ... and such individual is customarily engaged in an independent trade, occupation, profession, or business related to the service performed."

¶2 Petitioner, Western Logistics, Inc., d/b/a Diligent Delivery Systems ("Diligent"), challenges the court of appeals' decision affirming an Industrial Claim Appeals Office ("ICAO") panel's decision that certain individuals were employees rather than independent contractors under section 8–70–115. *W. Logistics, Inc. v. Indus. Claim Appeals Office*, 2012 COA 186, 328 P.3d 247. The court of appeals affirmed the ICAO panel's decision on the grounds that the individuals were not simultaneously providing services for others in the field. *Id.* at ¶¶ 14–19. The court of appeals also determined that the individuals were not free from Diligent's control and direction. *Id.* at ¶¶ 30–34.

¶3 We disagree with the court of appeals. Whether an individual worked for another is not dispositive of whether the individual was engaged in an independent business. *Indus. Claim Appeals Office v. Softrock Geological Servs., Inc.*, 2014 CO 30, ¶18, 325 P.3d 560. Rather, as we held in *Softrock*, determining whether an individual is an employee requires an expansive inquiry into the dynamics of the relationship between the putative employee and the employer. *Id.* at ¶2. Because we believe the independent trade or business issue and the control and direction issue may be related, we do not reach the control and direction issue. Thus, we reverse the judgment of the court of appeals and remand the case to that court with directions to vacate the portion of its decision that addresses the control and direction issue and to return the case to the ICAO for additional proceedings consistent with this opinion.

## I.  Facts and Proceedings Below

¶4 Diligent is engaged in the auto-parts delivery business. The company handles all of the delivery logistics for its clients, meaning that it provides a delivery truck and driver for its clients' jobs. Diligent orchestrates the deliveries by using a network of dispatchers who assign drivers from a pool to the various jobs.

¶5 Diligent's pool of drivers is made up of individuals who supply their own truck, tools, and insurance. The company classifies these individuals as independent contractors for tax purposes and requires each individual to sign an agreement designating the individual as an "independent contractor."[1]

¶6 In 2009, the Department of Labor and Employment, Division of Insurance audited Diligent for the years 2008 and 2009. The Division determined that Diligent should have classified 220 of its drivers as employees for the purposes of CESA. As a result, the Division required Diligent to pay unemployment tax premiums on the wages paid to these drivers.

¶7 Diligent appealed the liability determination to the ICAO. A hearing officer found that although the drivers had signed Diligent's independent contractor agreement, the contracts were "not true in fact" and the evidence showed that the drivers were employees, not independent contractors. The hearing officer determined that Diligent did not meet its burden to show that the drivers were independent contractors because it failed to prove both that the drivers were engaged in an independent trade or business and that it did not exercise control over the drivers.[2]

---

1. Section 18–70–115(1)(c) says that a written document signed by both parties that meets nine requirements can be used to create a rebuttable presumption that an individual is an independent contractor for the purposes of CESA. Whether the agreements in this case comply with the statute is not an issue presently before us.

2. The hearing officer based its decision that 220 of Diligent's drivers were employees on testimony from 8 drivers and exhibits from an additional 15 drivers. In its argument to the court of appeals, Diligent argued that it was an error for the hearing officer to base its decision on "representative" testimony. It is not necessary for us to address this argument based on our handling of the other issues in this case.

¶ 8 On review, an ICAO panel found that Diligent's agreements with the drivers did not create a rebuttable presumption of an independent contractor relationship because the agreements did not comport with the statutory requirements set forth in section 8–70–115(1)(c). The ICAO panel then affirmed the hearing officer's decision, primarily relying on the fact that the drivers did not provide contemporaneous services for others while working for Diligent. The ICAO panel did not address the issue of whether the drivers were subject to Diligent's control and direction.

¶ 9 On appeal, the court of appeals affirmed the ICAO panel's determination that Diligent failed to show that the drivers were customarily engaged in an independent business. *W. Logistics*, ¶ 9. The court of appeals also concluded that Diligent did not prove that the drivers were free from its control and direction. *Id.* at ¶ 30.

¶ 10 We granted certiorari to review the court of appeals' determination that Diligent failed to prove that the 220 drivers were actually independent contractors under section 8–70–115.[3]

## II. Standard of Review

¶ 11 The employer has the burden of proving that the putative employee is an independent contractor under section 8–70–115. *Long View Sys. Corp. USA v. Indus. Claim Appeals Office*, 197 P.3d 295, 298 (Colo.App.2008). Whether the employer has met this burden is a question of fact. *Id.* We will not disturb the ICAO panel's determination as long as the ICAO panel properly applied the law and the findings of fact support its conclusion. § 8–74–107(6)(c) to (d), C.R.S. (2013); *Allen Co. v. Indus. Comm'n*, 762 P.2d 677, 680 (Colo.1988) (holding that the ICAO's decision "should not be disturbed if it is supported by substantial evidence"). However, whether the ICAO panel applied the appropriate test is a question of law that we review de novo. *Davison v. Indus. Claim Appeals Office*, 84 P.3d 1023, 1029 (Colo. 2004).

## III. Analysis

¶ 12 CESA establishes an unemployment insurance fund that is financed by employer-paid premiums. Under CESA, an employer must pay premiums into the fund based on wages paid to current employees and the amount of claims made by former employees. §§ 8–76–101, –102.5, C.R.S. (2013); *Colo. Div. of Emp't & Training v. Accord Human Res., Inc.*, 2012 CO 15, ¶ 13, 270 P.3d 985. Services performed by one person for another "shall be deemed to be employment" for tax liability purposes unless the employer can prove that the putative employee is actually an independent contractor. § 8–70–115(1)(b). Under the statute, the employer can prove that the putative employee is actually an independent contractor by satisfying two conditions. *Id.; Long View Sys.*, 197 P.3d at 298. First, the employer must demonstrate that the individual is free from the employer's "control and direction." § 8–70–115(1)(b). Second, the employer must prove that the individual is "customarily engaged in an independent trade, occupation, profession, or business related to the service performed." *Id.*

¶ 13 Diligent argues that the court of appeals erred when it found that it did not satisfy either of the prongs of the independent contractor test. We address each of the prongs separately, beginning with a discussion of the independent business prong and then turning toward the control and direction prong. While we make no determination as to whether the drivers were independent contractors, we nevertheless find that the court of appeals erred in this case.

### A. Independent Trade or Business

¶ 14 In *Softrock*, also issued by this Court today, we announced a totality of the

---

**3.** Specifically, we granted certiorari to consider:
1. Whether the court of appeals erred in holding that 220 delivery drivers were Diligent employees because they did not provide delivery services to others while they provided such services to Diligent.

2. Whether the court of appeals erred when it held that 220 delivery drivers were subject to Diligent's control and direction.

circumstances test for determining if an individual is customarily engaged in an independent trade or business. ¶¶ 17, 19. In that case, we held that "whether an individual is customarily engaged in an independent business is a question that can only be resolved by applying a totality of the circumstances test that evaluates the dynamics of the relationship between the putative employee and the employer." *Id.* at ¶ 19. In so holding, we rejected the argument—which the court of appeals also relied on in this case—that a court or agency could determine whether an individual is an independent contractor based on a single-factor inquiry into whether the individual performed work in the field for someone else. *Softrock*, ¶ 18. As we explained in *Softrock*, that test unfairly subjects the employer to a hindsight review of whether the putative employee engaged in other work during the period in question and does not consider the myriad of reasons that an independent contractor might not engage in other employment despite being free to do so. *Id.* Furthermore, the single-factor test is not necessary to adequately protect an individual from the vagaries of involuntary unemployment because a totality of the circumstances test that considers the dynamics of the relationship between the individual and the employer can also adequately provide such protection. *See id.*

¶ 15 As such, because neither the ICAO panel nor the court of appeals applied the *Softrock* totality of the circumstances test, we reverse the decision of the court of appeals and remand the case to that court to return the case to the ICAO for proceedings consistent with this opinion.

## B. Control and Direction

¶ 16 In its opinion, the court of appeals also concluded that Diligent exercised control and direction over the drivers, and therefore, that this prong provided an independent justification for classifying the drivers as employees. *W. Logistics*, ¶¶ 30, 34.

¶ 17 Given the potential that the two issues before us are interrelated, at this point, we decline to address whether Diligent exercised control and direction over the drivers. Hence, we remand the case to the court of

appeals with directions to vacate the portion of its decision that addresses the control and direction prong and to return the case to the ICAO for additional proceedings.

## IV. Conclusion

¶ 18 For the foregoing reasons, we reverse the judgment of the court of appeals and remand the case to that court with directions to vacate the portion of its decision that addresses the control and direction issue and to return the case to the ICAO for additional proceedings consistent with this opinion.