2014 CO 30

**INDUSTRIAL CLAIM APPEALS OFFICE, Petitioner**

v.

**SOFTROCK GEOLOGICAL SERVICES, INC.; and Colorado Division of Employment and Training, n/k/a Colorado Division of Unemployment Insurance, Respondents.**

**Supreme Court Case No. 12SC501**

Supreme Court of Colorado.

May 12, 2014

Attorneys for Petitioner: John W. Suthers, Attorney General, Tricia A. Leakey, Assistant Attorney General, Alice Q. Hosley, Assistant Attorney General, Denver, Colorado

Attorneys for Respondent Softrock Geological Services, Inc.: Bechtel & Santo, L.L.P., Michael C. Santo, Dean H. Harris, Grand Junction, Colorado

Attorney for Amicus Curiae Colorado Motor Carriers Association: Wheeler Trigg O'Donnell, LLP, Mark T. Clouatre, Denver, Colorado

No Appearance by or behalf of: Colorado Division of Employment and Training, n/k/a Colorado Division of Unemployment Insurance

JUSTICE BOATRIGHT delivered the Opinion of the Court.

¶ 1 In this appeal, we consider whether an individual is an independent contractor as opposed to an employee for unemployment tax liability purposes. Under the Colorado Employment Security Act ("CESA"), §§ 8–70–101 to 8–82–105, C.R.S. (2013), employers must pay unemployment taxes on wages paid to employees but not on compensation paid to independent contractors. Section 8–70–115(1)(b), C.R.S. (2013), provides that an individual is only classified as an independent contractor if the employer can prove that the individual is "free from control and direction in the performance of the service, ... and

such individual is customarily engaged in an independent trade, occupation, profession, or business related to the service performed." In this case, there is no dispute that the employer did not exercise control over the individual, so the only issue is what test should be used to determine whether the individual is "customarily engaged in an independent trade, occupation, profession, or business related to the service performed."

¶ 2 We agree with the court of appeals that whether an individual is "customarily engaged in an independent trade, occupation, profession, or business related to the service performed" is a question of fact that can only be resolved by analyzing several factors; whether the individual worked for another is not dispositive of whether the individual was engaged in an independent business. *Softrock Geological Servs., Inc. v. Indus. Claim Appeals Office*, 2012 COA 97, ¶¶ 9, 23–26, 328 P.3d 222. We disagree, however, with the court of appeals' conclusion that whether an individual is engaged in an independent trade or business can be determined by applying a nine-factor test developed based on the list of nine factors that a document must contain to create a presumption of an independent contractor relationship under section 8–70–115(1)(c). *See id.* at ¶ 24. Instead, we hold that the determination must be based on a totality of the circumstances test that evaluates the dynamics of the relationship between the putative employee and the employer; while the factors listed in section 8–70–115(1)(c) may be relevant to this determination, the section does not provide an exhaustive list of factors that may be considered. As such, we affirm the judgment of the court of appeals and remand the case to that court to return the case to the Industrial Claim Appeals Office for proceedings consistent with this opinion.

### I. Facts and Proceedings Below

¶ 3 Waterman Ormsby is a geologist who contracted to work on a project basis for Softrock Geological Services, Inc. ("Softrock"), a company that provides geologic services for the oil and gas industry. Relevant to this case, Ormsby worked for Softrock from 2007 through 2010 under various contracts. Softrock did not provide Ormsby with training or tools during this time; rather, Ormsby was expected to, and did, use his own vehicle, tools, and equipment (except for certain specialized equipment that he rented from Softrock) to complete the jobs. Ormsby also had his own business cards, maintained his own liability insurance, and did not represent himself as a Softrock employee.

¶ 4 Throughout the entire period that Ormsby contracted with Softrock, Softrock classified Ormsby as an independent contractor, not as a Softrock employee. In March 2011, the Division of Employment and Training audited Softrock and issued a notice of liability on the grounds that Softrock should have treated Ormsby as an employee for the purposes of CESA, meaning that Softrock should have paid unemployment tax premiums on Ormsby's wages.[1]

¶ 5 Softrock appealed the Division's decision to the Industrial Claim Appeals Office ("ICAO"), and a hearing officer reversed the Division's decision. The hearing officer concluded that Ormsby was an independent contractor and not an employee because Softrock did not control Ormsby and Ormsby was engaged in an independent trade or business while he worked for Softrock. The hearing officer reached this conclusion despite the fact that Ormsby had not provided services to another company during the relevant time-period. According to the hearing officer, not providing services for another in the field is not dispositive proof of the nonexistence of an independent trade or business. The hearing officer explained that Ormsby did not work for other companies because he was unaware that other opportunities existed in the area; however, had he known of other opportunities, he would have pursued them.

¶ 6 A hearing panel at the ICAO subsequently reversed the hearing officer's determination that Ormsby was not a Softrock employee. The ICAO panel concluded that Ormsby was an employee during the period

---

1. Under CESA, a business must pay state unemployment taxes on wages paid to employees but not on compensation paid to independent contractors. *See* § 8–76–102.5, C.R.S. (2013); *Colo. Div. of Emp't & Training v. Accord Human Res., Inc.*, 2012 CO 15, ¶ 13, 270 P.3d 985.

in question because he only provided services to Softrock, and therefore, he did not have an independent trade or business.

¶ 7 Softrock sought review in the court of appeals and the court appeals vacated the ICAO panel's order. *Softrock Geological Servs.*, ¶ 1. The court of appeals concluded that the ICAO panel incorrectly relied on a single factor—whether Ormsby was providing similar services for anyone else—to determine that Ormsby was an employee and not an independent contractor. *Id.* at ¶ 26. Rather, the court of appeals found that the ICAO panel should have determined whether Ormsby was an independent contractor by considering the nine factors in section 8–70–115(1)(c). *Id.* As a result, the court of appeals remanded the case to the ICAO panel to apply the nine-factor test. *Id.*

¶ 8 We granted certiorari to consider what the test is for determining whether an individual is engaged in an independent business.[2] While we agree with the court of appeals that there is no single-factor test and that the nine factors laid out in section 8–70–115(1)(c) should be considered, we decline to adopt the court of appeals' test because we find that the fact-finder must consider the dynamics of the relationship between the employer and the putative employee and should not be limited to only considering nine factors.

## II. Standard of Review

■■■■ ¶ 9 The employer has the burden of proving that the putative employee is an independent contractor under section 8–70–115. *Long View Sys. Corp. USA v. Indus. Claim Appeals Office*, 197 P.3d 295, 298 (Colo.App.2008). Whether the employer has met this burden is a question of fact. *Id.* We will not disturb the ICAO panel's determination as long as the ICAO panel properly applied the law and the findings of fact support its conclusion. § 8–74–107(6)(c) to (d), C.R.S. (2013); *Allen Co. v. Indus. Comm'n*, 762 P.2d 677, 680 (Colo.1988) (holding that

the ICAO's decision "should not be disturbed if it is supported by substantial evidence"). However, whether the ICAO panel applied the appropriate test is a question of law that we review de novo. *Davison v. Indus. Claim Appeals Office*, 84 P.3d 1023, 1029 (Colo. 2004).

## III. Analysis

¶ 10 In this appeal, we address the question of what it means—for the purpose of being considered an independent contractor under CESA—for an individual to be customarily engaged in an independent business. To answer this question, we begin by reviewing the overarching statutory framework for determining whether an employer may classify an individual as an independent contractor rather than an employee for CESA unemployment tax liability purposes. We then consider the specific issue raised by this case, namely how the General Assembly intended for the courts and agencies to determine if an individual is customarily engaged in an independent trade or business. We conclude that the General Assembly intended for courts and agencies to make this determination based on an evaluation of the totality of the circumstances relevant to understanding the dynamics of the relationship between the individual and the employer.

¶ 11 CESA establishes an unemployment insurance fund that is financed by employer-paid premiums. Under CESA, an employer must pay premiums into the fund based on wages paid to current employees and the amount of claims made by former employees. §§ 8–76–101, –102.5, C.R.S. (2013); *Colo. Div. of Emp't & Training v. Accord Human Res., Inc.*, 2012 CO 15, ¶ 13, 270 P.3d 985. Services performed by one person for another "shall be deemed to be employment" for tax liability purposes unless the employer can prove that the putative employee is actually an independent contractor. § 8–70–115(1)(b). Under the statute, the employer can prove that the putative employee is actu-

---

2. Specifically, we granted certiorari to consider the following issue:

Whether the court of appeals erred by openly departing from longstanding court of appeals precedent and holding that a worker's failure

to provide similar services to others at the same time he is working for a putative employer does not automatically dispose of a claim that the worker is an independent contractor rather than an employee.

ally an independent contractor by satisfying two conditions. *Id.; Long View Sys.*, 197 P.3d at 298. First, the employer must demonstrate that the individual is free from the employer's "control and direction." § 8–70–115(1)(b). Second, the employer must prove that the individual is "customarily engaged in an independent trade, occupation, profession, or business related to the service performed." *Id.*

¶ 12 The first prong of this test is not at issue in this case, as the hearing officer and the ICAO panel both concluded that Ormsby was free from Softrock's control. As a result, we focus our analysis solely on the meaning of the second prong and consider when an individual is customarily engaged in an independent trade or business. Although the court of appeals has analyzed this section of the statute on several occasions, we have yet to consider it and are not bound by the court of appeals' decisions. *See Grossman v. Sherman*, 198 Colo. 359, 361, 599 P.2d 909, 911 (1979).

■ ¶ 13 Initially, we note that CESA does not explicitly provide a test for determining if an individual is customarily engaged in an independent business.[3] Therefore, we are left to develop a test that is consistent with the intent of the General Assembly. *Davison*, 84 P.3d at 1029. To effectuate the legislative intent, we consider the statutory scheme as a whole and seek to create a test that works harmoniously with the other provisions of the scheme. *See Marquez v. People*, 2013 CO.58, ¶ 8, 311 P.3d 265.

¶ 14 Section 8–70–102, C.R.S. (2013), explains that the purpose of CESA is to help protect employees from the negative consequences of involuntary unemployment. Thus, we must interpret section 8–70–115 in a manner that is consistent with this statutory goal. In accordance with this requirement, and reading section 8–70–115 as a whole, we find that the statute requires an inquiry into the nature of the relationship between the individual and the employer when determining whether an individual is engaged in an independent trade or business.

¶ 15 Section 8–70–115(1)(c) explains that to prove that an individual is an independent contractor, the employer can either provide evidence satisfying the two-prong test set out in section 8–70–115(1)(b) or submit a written document signed by both the employer and the putative employee that meets nine conditions. The nine conditions in section 8–70–115(1)(c) establish limits on the relationship between the employer and the putative employee. Specifically, under section 8–70–115(1)(c), the document must establish that the employer will not do any of the following:

I. Require the individual to work exclusively for the person for whom services are performed; except that the individual may choose to work exclusively for the said person for a finite period of time specified in the document;

II. Establish a quality standard for the individual; except that [the employer] can provide plans and specifications regarding the work but cannot oversee the actual work or instruct the individual as to how the work will be performed;

III. Pay a salary or hourly rate but rather a fixed or contract rate;

IV. Terminate the work during the contract period unless the individual violates the terms of the contract or fails to produce a result that meets the specifications of the contract;

V. Provide more than minimal training for the individual;

VI. Provide tools or benefits to the individual; except that materials and equipment may be supplied;

VII. Dictate the time of performance; except that a completion schedule and a range of mutually agreeable work hours may be established;

---

**3.** Section 8–70–115(1)(c), the section of CESA that the court of appeals relied on, provides nine factors for determining whether a *document* establishes a presumption that the putative employ- ee is an independent contractor; the section does not provide a general test for determining whether an *individual* is an independent contractor.

VIII. Pay the individual personally but rather makes checks payable to the trade or business name of the individual; and

IX. Combine [the employer's] business operations in any way with the individual's business, but instead maintains such operations as separate and distinct.

While these criteria are the requirements for a written document and are not a statutory test for determining if a worker is customarily engaged in an independent business, we find them to be indicative of what the General Assembly thought are important distinctions between employees and independent contractors. As such, we conclude that they should be considered when determining whether an individual is engaged in an independent business for the purposes of unemployment insurance tax liability.

¶ 16 As has been pointed out in other cases, however, we find that other factors may also be relevant. In *Long View Systems*, the court of appeals suggested that when evaluating a claim that the putative employee maintained an independent trade or business, the Division and the ICAO could consider whether the putative employee: maintained an independent business card, listing, address, or telephone; had a financial investment such that there was a risk of suffering a loss on the project; used his or her own equipment on the project; set the price for performing the project; employed others to complete the project; and carried liability insurance. 197 P.3d at 300 (citing *Dep't of Labor, Licensing, & Regulation v. Fox*, 346 Md. 484, 697 A.2d 478, 485–86 (1997)).

■ ¶ 17 Given the wide array of factors that could be relevant, we conclude that rather than requiring a rigid check-box type inspection, a more accurate test to determine if an individual is customarily engaged in an independent business involves an inquiry into the nature of the working relationship. The ICAO and the Division may consider the nine factors in section 8–70–115(1)(c) as well as any other information relevant to the nature of the work and the relationship between the employer and the individual. Accordingly, we decline to adopt the court of appeals' test that exclusively considers only the nine factors enumerated in section 8–70–115(1)(c).

■ ¶ 18 Similarly, we also reject the ICAO's argument that whether the individual actually provided services for someone other than the employer is dispositive proof of an employer-employee relationship.[4] While this single-factor test certainly protects an employee against the "vagaries of involuntary unemployment," *see SZL, Inc. v. Indus. Claim Appeals Office*, 254 P.3d 1180, 1183 (Colo.App.2011), it cannot be what the General Assembly intended because it is possible to accomplish this goal without simultaneously subjecting an employer unfairly to the decisions of the putative employee and an unpredictable hindsight review. Indeed, under the single-factor test, the determinative issue is whether the putative employee chose to work for another in the field, regardless of, among other things, the intent of the parties, the number of weekly hours the putative employee actually worked for the employer, or whether the putative employee even sought other work in the field.

## IV. Conclusion

¶ 19 We hold that whether an individual is customarily engaged in an independent business is a question that can only be resolved by applying a totality of the circumstances test that evaluates the dynamics of the relationship between the putative employee and the employer; there is no dispositive single factor or set of factors. Hence, we affirm the judgment of the court of appeals and remand the case to that court to return the

4. This argument is based on several court of appeals decisions. *See, e.g., Carpet Exch. of Denver, Inc. v. Indus. Claim Appeals Office*, 859 P.2d 278, 282 (Colo.App.1993) ("To be customarily engaged in an independent business, a worker must actually and customarily provide similar services to others at the same time he or she works for the putative employer."); *Barge v. Indus. Claim Appeals Office*, 905 P.2d 25, 27 (Colo. App.1995) (same); *Speedy Messenger & Delivery Serv. v. Indus. Claim Appeals Office*, 129 P.3d 1094, 1098 (Colo.App.2005) (same).

case to the ICAO for proceedings consistent with this opinion.